UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 3690 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| JOHN R. BALDWIN, TIM CHAMBERLAIN, CHRISTOPHER R. BARNHART, LISA MINTER, SHERRY BENTON, LASHARD CAMERON, JANET WHEAT, MAX BLACKBURN, and WEXFORD HEALTH SOURCES, INC., | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Marvin Carter, at all relevant times an inmate at Dixon Correctional Center in Dixon, Illinois, alleges violations of 42 U.S.C. § 1983, the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and state law. Doc. 1. Carter's attorneys, whose offices are located in Chicago and who deserve great commendation for undertaking this representation on a *pro bono* basis, filed the suit in this District's Eastern Division. Certain defendants have moved under 28 U.S.C. § 1404(a) to transfer the suit to the Western Division, where Dixon is located, Doc. 17, and the other defendants expressed support for the motion at the most recent hearing, Doc. 29. The motion is granted.

**Background**

To resolve a motion to transfer, the court draws the facts from the complaint, as supplemented by affidavits and other evidence, and makes all reasonable inferences in Carter's favor. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011); *Kuvedina, LLC v. Pai*, 2011 WL 5403717, at *1 (N.D. Ill. Nov. 8, 2011).

1

Carter was incarcerated at Dixon from mid-2015 through January 2017. Doc. 1 at ¶ 3. He is deaf and mute, and communicates best through American Sign Language ("ASL"). *Id*. at ¶ 1. He also suffers from sickle cell disease. *Id*. at ¶ 2. In May 2016, Carter told Dixon medical staff that he was experiencing pain and worsening sickle cell symptoms, but was ignored. *Id*. at ¶ 5. He was eventually transferred to the University of Illinois at Chicago ("UIC") medical center, and he remained there for more than a week. *Ibid*. In November 2016, Carter was again hospitalized at UIC. *Ibid*.; Doc. 24 at 7.

Carter alleges that Defendants' failure to provide him with an ASL interpreter exacerbated his medical situation. Carter wrote in various grievances that he needed an ASL interpreter because the nurses, with whom he could not communicate, dressed his wounds in a way that caused him pain. Doc. 1 at ¶¶ 28-34. Despite his requests, Carter rarely was provided an ASL interpreter during treatment. *Id*. at ¶ 36. At other times, Carter's treatment was delayed due to the lack of an interpreter. *Id*. at ¶¶ 39-41. The complaint names as defendants John Baldwin, the Acting Director of the Illinois Department of Corrections ("IDOC"); Wexford Health Sources, Inc., a contractor providing medical services at Dixon; and several IDOC and Wexford employees who worked at Dixon.

## Discussion

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district *or division* where it might have been brought … ." 28 U.S.C. § 1404(a) (emphasis added). The moving party bears the burden of demonstrating that a transfer is clearly warranted. *See Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986). Transfer "is appropriate if: (1) venue is proper in both the transferor and

transferee court; (2) transfer is for the convenience of the parties and witnesses; and (3) transfer is in the interest of justice." *Law Bulletin Publ'g Co. v. LRP Publ'ns, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998); *see also Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013) ("In the typical case … , a district court considering a § 1404(a) motion … must evaluate both the convenience of the parties and various public-interest considerations."); *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) ("The statutory language … is broad enough to allow the court to take into account all factors relevant to convenience and/or the interests of justice."). The parties do not dispute that venue is proper both in both divisions of the Northern District of Illinois, so only convenience and the interest of justice require consideration. "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219.

The convenience factors include: "(1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience [of] the parties." *Law Bulletin Publ'g*, 992 F. Supp. at 1017.

As to the first factor, although a plaintiff's choice of forum generally deserves deference, *see FDIC v. Citizens Bank & Trust Co. of Park Ridge*, 592 F.2d 364, 368 (7th Cir. 1979), little deference is owed here. Carter does not reside in the Eastern Division; he is presently incarcerated at the Western Illinois Correctional Center ("WICC") in Mount Sterling, which is located in the Central District of Illinois, with a release date of January 10, 2020. Doc. 24 at 3; Illinois Department of Corrections Inmate Search, https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last visited July 31, 2017). Where a plaintiff does not reside in his chosen forum, the deference owed his choice is

3

"substantially reduced." *Johnson v. United Airlines, Inc.*, 2013 WL 323404, at *5 (N.D. Ill. Jan. 25, 2013); *see also C. Int'l, Inc. v. Turner Constr. Co.*, 2005 WL 2171178, at *1 (N.D. Ill. Aug. 30, 2005) ("Where the plaintiff does not reside in the chosen forum, the plaintiff's choice of forum is still accorded some weight, but not as much as otherwise.") (collecting cases); 15 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, & Richard D. Freer, *Federal Practice and Procedure* § 3848, at 181-82 (4th ed. 2013) ("If the plaintiff is not a resident of the forum, the plaintiff's forum choice may be entitled to relatively little deference."). Moreover, a plaintiff's choice of forum merits less deference where the events giving rise to the suit did not occur there. *See Dunn v. Soo Line R. Co.*, 864 F. Supp. 64, 65 (N.D. Ill. 1994). That is true in this case because Carter's rights were allegedly violated at Dixon, which is located in Lee County, which in turn is located in the Western Division, *see* 28 U.S.C. § 93(a)(2); Defendants are not alleged to have violated Carter's rights in the Eastern Division.

The second factor, the situs of material events, favors transfer. As just noted, the events giving rise to this suit occurred at Dixon. Carter asserts that Benton's alleged misconduct occurred at his office in Springfield and that Wexford's occurred at its corporate offices in Pittsburgh, Doc. 24 at 7-8, but Carter was injured as a result of that alleged misconduct in the Western Division, at Dixon, and not in the Eastern Division. *See Boyd v. Snyder*, 44 F. Supp. 2d 966, 970-71 (N.D. Ill. 1999) (holding that even where prison policies had been developed elsewhere, because "the locus of policy implementation is more relevant than the locus of policy creation," the situs of material events was the prison).

The third factor, the ease of access to proof, is neutral. "When documents are easily transferable, access to proof is a neutral factor." *Johnson*, 2013 WL 323404, at *5; *see also Sojka v. DirectBuy, Inc.*, 2014 WL 1089072, at *3 (N.D. Ill. Mar. 18 2014) (collecting cases).

4

That is especially true where, as here, relevant documents likely exist in both the transferor and transferee divisions; although documents certainly are located at Dixon, Carter was treated at UIC, so there is likely documentary evidence in the Eastern Division as well. The volume of documents located at each location matters little, as there is no reason to think that in this day and age documents could not easily be transferred from the Eastern to the Western Division, or vice versa. *See Sojka*, 2014 WL 1089072, at *3 ("There is every reason to believe that all relevant documents can easily be transported, electronically or otherwise, to Chicago or Hammond … ."); *Johnson*, 2013 WL 323404, at *5 ("documents are easily transferrable"); *Nero v. Am. Fam. Mut. Ins. Co.*, 2011 WL 2938138, at *3 (N.D. Ill. July 19, 2011) (same); *Digan v. Euro-Am. Brands*, LLC, 2010 WL 3385476, at *5 (N.D. Ill. Aug. 19, 2010) ("[D]ocuments now are easily scanned, stored, and electronically transmitted … [and] moving them no longer creates the onerous burden it may once have imposed.").

The fourth factor, the location and convenience of non-party witnesses, slightly favors transfer. Convenience of non-party witnesses is often "the most important factor," *Nathan v. Morgan Stanley Renewable Development Fund, LLC*, 2012 WL 1886440, at *20 (N.D. Ill. May 22, 2012), "as the § 1404 calculus is generally less concerned about the burden that appearing at trial might impose on witnesses who are either employees of parties or paid experts because it is presumed that such witnesses will appear voluntarily," *Sojka*, 2014 WL 1089072, at *3 (internal quotation marks omitted). Here, it is likely that most non-party witnesses—including non-party prison and medical staff at Dixon—are located in the Western Division. As Carter notes, there will also be non-party witnesses from UIC, given Carter's medical treatment there. But the UIC witnesses will testify largely if not exclusively to damages, and if they do not attend trial in the Western Division, presenting their testimony by video deposition would be an acceptable

5

substitute.  *See Household Fin. Servs., Inc. v. Northern Trade Mortg. Corp.*, 1999 WL 782072, at *5 (N.D. Ill. Sept. 27, 1999) (holding that the presence of non-party witnesses did not compel transfer where there were not a "significant number" and their depositions could have been taken and presented at trial).  In the court's experience, it is far more important that liability witnesses testify live at trial.

The fifth factor, the convenience of the parties, requires the court to consider their "residences and their ability to bear the expenses of litigating in a particular forum." *Brandon Apparel Grp., Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999).  "Transfer is inappropriate if it merely transforms an inconvenience for one party into an inconvenience for the other party." *Ibid*. (internal quotation marks omitted).  Here, most of the individual defendants are located in the Western Division.  Carter is currently incarcerated at WICC, which is 251 miles from the Eastern Division courthouse in Chicago and 233 miles from the Western Division courthouse in Rockford.  (The court takes judicial notice of those distances, *see Lowrance v. Pflueger*, 878 F.2d 1014, 1018 (7th Cir. 1989), by consulting driving directions from Google Maps, *see Cloe v. City of Indianapolis*, 712 F.3d 1171, 1177 n.3 (7th Cir. 2013), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 764-65 (7th Cir. 2016).)  Because Carter will have to be transported a significant distance to either courthouse, he would not be inconvenienced by a transfer.  Because neither division is more convenient for Carter and the Western Division is clearly more convenient for most of the individual defendants, this factor strongly favors transfer.

The court next evaluates the interest of justice.  "The 'interest of justice' is a separate element of the transfer analysis that relates to the efficient administration of the court system." *Research Automation*, 626 F.3d at 978.  The relevant factors include "docket congestion and

likely speed to trial in the transferor and potential transferee forums; each court's relative familiarity with the relevant law; the respective desirability of resolving controversies in each locale; and the relationship of each community to the controversy." *Ibid*. (citations omitted).

The first two factors are neutral. The parties have not suggested that one division's docket is more congested than the other or that one division has greater familiarity with the relevant law than the other. The third and fourth factors—the desirability of resolving controversies in each locale, and the relation of each community to the controversy—favor transfer. Because more of the individual parties reside in the Western Division and the events giving rise to the suit took place there, the Western Division's community has a greater stake in and relationship to the litigation.

In sum, one convenience factor weighs slightly against transfer, one is neutral, and three favor transfer. Of the interest of justice factors, two are neutral and two favor transfer. While each factor favoring transfer might not have been sufficient, standing alone, to merit transfer, their combined weight does. Defendants therefore have met their burden of showing that transfer to the Western Division is clearly warranted.

**Conclusion**

Defendants' motion to transfer is granted, and the suit is transferred to this District's Western Division.

August 3, 2017

United States District Judge